UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
HISHAM A. KHALEEL,

        Plaintiff,

-against-

SWISSPORT USA INC., et al,

        Defendants.
------------------------------------------------------------- X

03 CV 1469 (ARR)(LB)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On April 7, 2006, plaintiff filed an interlocutory appeal requesting review of Magistrate Judge Bloom's order dated March 3, 2006 (hereinafter "March 3, 2006 Order"). In this March 3, 2006 order, Magistrate Judge Bloom noted that a review of the docket indicated that two requests filed by plaintiff (docket numbers 67 and 81) remained open. Magistrate Judge Bloom denied both these requests as moot, noting that "the case has proceeded and defendant's fully briefed motion for summary judgment is pending before the Court." See March 3, 2006 Order.

**STANDARD OF REVIEW**

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) establish that a district court shall reverse a Magistrate Judge's order regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (1988); Fed. R. Civ. P. 72(a). Because pretrial discovery matters are generally considered "non-dispositive" matters, they are reviewed under this "clearly erroneous"

1

standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522 (2d Cir. 1990); Popular Imports, Inc. v. Wong's Int'l, Inc., 166 F.R.D. 276, 277 (E.D.N.Y. 1996).

The Supreme Court has stated that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United Gypsum Co., 333 U.S. 364, 395 (1948)). The courts have held that, under this "highly deferential standard of review," magistrate judges are "'afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused.'" Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A., No. 02 Civ. 0795, 2005 U.S. Dist. LEXIS 3635, at *5 (S.D.N.Y. Mar. 9, 2005) (quoting Derthick v. Bassett-Walker Inc., Nos. 90 Civ. 5427, 90 Civ. 7479, & 90 Civ. 3845, 1992 U.S. Dist. LEXIS 14505, at *8 (S.D.N.Y. Sept. 23, 1992); see also Perez v. Consol. Edison Co. of N.Y., Inc., No. 02 Civ. 2832, 2003 U.S. Dist. LEXIS 20028, at *5 (S.D.N.Y. Nov. 10, 2003).

## DISCUSSION

The court has reviewed Magistrate Judge Bloom's March 3, 2006 Order, the two requests by plaintiff referred to in the Order (docket numbers 67 and 81), and the various documents referred to in plaintiff's requests.

The court finds that Magistrate Bloom's March 3, 2006 was not clearly erroneous, not contrary to law, and did not constitute an abuse of discretion. Given the current status of the case, these requests by plaintiff (e.g. for an extension time for discovery) are moot. Furthermore, many of the arguments and requests presented by plaintiff in the documents docketed as numbers 67 and 81 have been previously resolved by other court orders. For example, plaintiff's request,

in the document docketed as #67, to add Worldwide Flight Services as a defendant was explicitly addressed and denied in the Report and Recommendation issued by Judge Bloom on July 16, 2004 (docket #68) and adopted by this court over plaintiff's objections on October 15, 2004 (docket #76). Similarly, plaintiff's requests – in both documents – for appointment of counsel were explicitly denied by the order, hand-endorsed on document #81 by Judge Bloom on February 9, 2005 and docketed on February 17, 2005 (not assigned a unique docket number), which denied plaintiff's request for appointment of counsel.

Therefore, this court AFFIRMS Magistrate Judge Bloom's Order dated March 3, 2006.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: May 5, 2006
Brooklyn, New York

**SERVICE LIST:**

**Plaintiff**
Hisham A. Khaleel
P.O. Box # 09-0250
Fifth Avenue
Brooklyn, NY 11209-0250


**Defendant's Attorneys**
Anthony U. Battista
Condon & Forsyth LLP
Times Square Tower
7 Times Square
New York, NY 10036

Katherine B. Posner
Condon & Forsyth LLP
Times Square Tower
7 Times Square
New York, NY 10036


cc: U.S. Magistrate Judge Lois Bloom